**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3093
_____

UNITED STATES OF AMERICA

v.

SHAMONT SAPP,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-21-cr-00117-001)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 5, 2023
_____

Before:  CHAGARES, Chief Judge, HARDIMAN and FREEMAN, Circuit Judges

(Opinion filed: September 12, 2023)
_____

OPINION[*]
_____

---

[*]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**CHAGARES**, <u>Chief</u> <u>Judge</u>.

Shamont Sapp was sentenced to eighty-seven months of imprisonment after pleading guilty to bank robbery. His attorney has filed a motion to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Sapp has filed <u>pro</u> <u>se</u> briefs on the merits of his appeal. For the reasons that follow, we will grant the <u>Anders</u> motion and affirm the judgment of sentence.

I.

We write solely for the parties and so recite only the facts necessary to our disposition. Sapp robbed an M&T Bank in Harrisburg, Pennsylvania on January 5, 2021. Sapp gave a note to the teller that stated: "This is no game, give me the money or you'll die." Presentence Investigation Report at ¶ 5. The teller gave Sapp approximately $1,000.

Law enforcement obtained video surveillance from a business next door. The video showed Sapp leaving the bank in a blue Cadillac. Police spotted the car in line for a car wash. They conducted a traffic stop. The police identified Sapp as the driver and observed the money in plain view between the driver's seat and the center console. Police also recovered a bag that Sapp had thrown in a trash can; it contained the clothes he had been wearing at the bank.

Sapp was arrested and charged with bank robbery in violation of 18 U.S.C. § 2113(a). Sapp pleaded guilty to the indictment; he did not enter into a plea agreement. The District Court sentenced him to eighty-seven months of imprisonment.

Sapp timely appealed. His attorney seeks to withdraw because there is no viable

basis for appeal.  Sapp filed two informal briefs and a reply brief pro se on the merits of his appeal.

## II.[1]

Under Anders, court-appointed counsel may — after finding any appeal "to be wholly frivolous" after careful examination of the record — file a brief so "advis[ing] the court and request[ing] permission to withdraw" and identifying "anything in the record that might arguably support the appeal."  386 U.S. at 744.  In evaluating a motion to withdraw, the Court's inquiry is twofold:  "(1) whether counsel adequately fulfilled [this Court's] requirements" under Third Circuit Local Appellate Rule 109.2(a); and "(2) whether an independent review of the record presents any nonfrivolous issues."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted).  If our review discloses any arguable merit to the appeal, we appoint substitute counsel, order supplemental briefing, and restore the case to the calendar.  We "exercise plenary review to determine whether there are any such [non-frivolous] issues" and review factual findings for clear error.  Simon v. Gov't of Virgin Islands, 679 F.3d 109, 114 (3d Cir. 2012).

The withdrawing counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous."  Youla, 241 F.3d at 300.  An appeal is frivolous if "the appeal lacks any basis in law or fact."  McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

n.10 (1988). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Youla, 241 F.3d at 301 (cleaned up). "[A] complete scouring of the record" is unnecessary. Id.

Sapp's counsel's Anders brief does not address the issues raised in Sapp's pro se briefs. But "counsel's failure to address issues raised in [his] client's pro se brief[s] does not render an Anders brief inadequate per se." United States v. Langley, 52 F.4th 564, 573 (3d Cir. 2022). Upon careful review, we hold that the Anders brief in this case "demonstrates that counsel scoured the record, including both [Sapp's] plea and sentencing hearings, for the best possible arguments for his client." Id. at 575. In other words, counsel's brief "appears adequate on its face." Youla, 241 F.3d at 301.

Because the Anders brief is facially adequate, we confine our review to the issues identified by the brief. Counsel has identified three possible areas of review: (1) whether the District Court had jurisdiction; (2) whether Sapp's guilty plea was valid under both constitutional and statutory standards; and (3) whether Sapp's sentence was within the statutory range and procedurally and substantively reasonable.

We first examine whether the District Court had jurisdiction, and we conclude that it did. District courts have jurisdiction over criminal offenses under 18 U.S.C. § 3231, and the indictment adequately charged Sapp with the offense of bank robbery. See 18 U.S.C. § 2113(a).

We next examine whether Sapp's guilty plea was valid. We conclude on this record that it was, as the District Court properly advised Sapp of his rights and the potential consequences of a guilty plea. The District Court's colloquy satisfied the

4

requirements of the Constitution by ensuring that Sapp made a knowing and voluntary waiver of his rights to a trial by jury, to confront his accusers, and to maintain his privilege against self-incrimination. See Boykin v. Alabama, 395 U.S. 238, 243–44 (1969). The District Court also informed Sapp of other rights he possessed, the potential penalties he faced, and the court's authority and obligations, as detailed in Federal Rule of Criminal Procedure 11(b)(1). The District Court additionally determined the voluntariness and factual basis for Sapp's plea. See Fed. R. Crim. P. 11(b)(2)–(3). On the record before us, we have no basis to hold that Sapp's guilty plea was invalid.

We lastly examine the legality of Sapp's sentence, which must be both procedurally and substantively reasonable. See United States v. Bungar, 478 F.3d 540, 542–43 (3d Cir. 2007). A sentencing court must follow three procedural steps: (1) calculate the appropriate Sentencing Guidelines range; (2) rule on any departure motions; and (3) exercise discretion by considering the relevant 18 U.S.C. § 3553(a) factors. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). The District Court properly calculated the Sentencing Guidelines range of imprisonment as seventy to eighty-seven months. Neither party made any motions for a departure. The District Court reasonably assessed the § 3553(a) factors; it, inter alia, highlighted the sexual abuse and other difficulties Sapp faced in his life including as a child, but it expressed concern that the nature and circumstances of the crime and Sapp's extensive criminal history placed him at a high risk of recidivism. The sentence ultimately imposed was consistent with that assessment. Because the District Court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines

5

range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," we conclude that its sentence was procedurally reasonable. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citation omitted).

The sentence was also substantively reasonable. Eighty-seven months — or seven years and three months — is below the twenty-year statutory maximum term of imprisonment applicable under 18 U.S.C. § 2113(a). And because the District Court's sentence was "premised upon appropriate and judicious consideration of the relevant factors," we hold that it was substantively reasonable. United States v. Doe, 617 F.3d 766, 770 (3d Cir. 2010), overruled on other grounds by United States v. Schonewolf, 905 F.3d 683, 689–90 (3d Cir. 2018).

We conclude that counsel has fulfilled the requirements of Anders by making a thorough examination of the record. We have independently reviewed the record and likewise failed to identify any non-frivolous issues on direct appeal. Accordingly, we conclude that there are no non-frivolous issues for Sapp to raise on appeal.

III.

We agree with Sapp's counsel that based on the record before us, there are no non-frivolous issues on appeal. We are not required to consider the issues identified by Sapp in his pro se briefs because we have determined that counsel's Anders brief was adequate. Youla, 241 F.3d at 301. In any event, the issues Sapp raises are not suitable for direct appeal.

Sapp raises two additional issues in his pro se briefs. He first argues that the FBI

6

improperly interfered in his plea negotiations. He claims that the day after he agreed with his lawyer to pursue a plea deal, the FBI visited him in detention to discuss an unrelated matter without his attorney present. The FBI agents purportedly asked him about this case, and he mentioned that he was going to plead guilty "if he can get a good plea deal" and that he "can't wait to tell Judge Wilson why [he] robbed that bank." Sapp Br., ECF No. 32 at 2. He claims that the FBI then told the prosecutor that he had confessed to the crime and that the prosecutor subsequently declined to offer him a plea deal. Sapp ultimately pleaded guilty to the indictment, without a plea deal. Sapp claims to have filed a pro se letter with the District Court outlining what happened and requesting a hearing; the District Court placed the letter under seal, and it does not appear that a hearing was held.

Sapp also contends that the District Court judge should have recused herself because her husband had been involved in a 2015 prosecution of Sapp for retail theft. He claims he did not ask the judge to recuse because his lawyer advised him that even if he made such a request, she would not grant it.

Sapp's briefs do not explain how the foregoing factual allegations relate to legal theories and he does not request particular relief. We liberally construe his contentions as claims of ineffective assistance of counsel. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (discussing the "greater leeway" we give to pro se litigants). Sapp appears to be contending that his lawyer should have moved to withdraw his guilty plea or for some other relief based on the alleged misconduct by the FBI and that his counsel should have requested — or encouraged Sapp to request — that the District

7

Court judge recuse herself.

We decline to review Sapp's ineffective assistance of counsel claims at this juncture. It "has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack," like a petition for a writ of habeas corpus. United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003); see also Massaro v. United States, 538 U.S. 500, 504–06 (2003) (endorsing that approach). To prevail on a claim of ineffective assistance of counsel, Sapp must prove that his attorney's performance was deficient, by showing that the representation fell below an objective standard of reasonableness, and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687–90 (1984). We lack information about the set of facts underlying both of Sapp's claims,[2] and so we cannot determine whether counsel was deficient or whether any error was prejudicial. Before we rule on any ineffective assistance claims, the record should be developed, and the District Court should address these types of claims in the first instance.

In sum, we decline to rule on the issues Sapp raises because they are more appropriate for collateral attack than for direct appeal. In other words, we see no arguable merit to the appeal before us.

IV.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues

---

[2] For example, the letter that Sapp alleges he filed about the FBI's actions and that the District Court placed under seal was not included in the record on appeal.

presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).